# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Global Industrial Technologies, Inc., *et al.*<br>    Debtor(s) | Bankruptcy No. 02-21626-JKF<br><br>Chapter 11 |
| Global Industrial Technologies,<br>Inc. and Harbison-Walker<br>Refractories Company<br>    Movants<br>v.<br>Ash Trucking Company, Inc.<br>    Respondent<br><br>Ash Trucking Company, Inc.<br>    Movant<br>v.<br>Global Industrial Technologies,<br>Inc. and Harbison-Walker<br>Refractories Company<br>    Respondents | **Related to Dkt. Nos.**<br>**(1) 2484, Debtor's Objection to Claim of Ash Trucking Company,**<br>**(2) 5034, Memorandum Opinion and Order re Dkt. No. 2484,**<br><br>**(3) 5077 Motion to Set Aside Memorandum Opinion and Order Dated November 2, 2005, filed by Ash Trucking Company,**<br>**(4) 5104, Order Denying Motion to Reconsider,**<br>**(5) 5922, Opinion and Order of the District Court, W.D. Pa., Civ. Action No. 06-79, Dkt. No. 12** |

## MEMORANDUM OPINION[1]

On November 2, 2005, this court issued a Memorandum Opinion and Order disallowing the claim of Ash Trucking. Counsel for Ash Trucking at the time the objection to claim was filed, Richard A. Getty and C. Thomas Ezzell, were both of the firm of Getty & Mayo, LLP. On November 18, 2005, four days after the time to appeal expired,[2] Ash Trucking filed a motion to set aside the Memorandum Opinion and Order, Doc. No. 5077,

---

[1] The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2] The Memorandum Opinion and Order of November 2, 2005, were docketed on November 4, 2005. The time to appeal runs from the date an order is docketed of record.

asserting that they had not been timely received and that the attorney most directly involved on its behalf, C. Thomas Ezzell, was no longer with the law firm of Getty & Mayo, LLP. This court denied that motion on November 29, 2005, Doc. No. 5104, because the assertion in the motion that counsel for Ash Trucking did not timely receive the Memorandum Opinion and Order was unsupported by a recitation of facts or a declaration or affidavit. Further, there had been no notice to this court that Mr. Ezzell had left the firm and no notice of change of counsel or address had been filed. In fact, Mr. Getty remains counsel for Ash Trucking and his address has not changed throughout these proceedings. In addition, every notice involving his client has been directed to his attention, by name, even when also directed to Mr. Ezzell. The docket and the Memorandum Opinion and Order indicate that both Mr. Ezzell and Mr. Getty were served by mail at the address they provided to the court.[3]

      The November 29, 2005, order was appealed and by Opinion and Order of Court dated May 4, 2006, Civ. Action No. 06-79, Doc. No. 12, Bankruptcy Case No. 02-21626, Doc. No. 5922, the District Court vacated our order and remanded for "a comprehensive and thorough analysis of the issue of excusable neglect as set forth in" *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993), which examined late proofs of claim in the context of Bankruptcy Rule 9006. We will discuss the factors considered in *Pioneer Investment* throughout this Memorandum Opinion. We note that *Pioneer Investment* does not provide an "out" for all negligent conduct. The negligent conduct must be excusable.

---

[3]Until August 4, 2006, Mr. Getty's name did not appear on Notices of Electronic Filing under the CM/ECF system. Until an attorney takes the necessary steps to obtain electronic notice under the CM/ECF system such notices are not sent.

Ash Trucking's Motion to Set Aside requests that the court, in effect, vacate and reenter its November 2, 2005, order so that Ash Trucking can timely file a notice of appeal. We therefore will address the Motion to Set Aside as a request to enlarge the time to appeal under Rule 8002 which is governed by Bankruptcy Rule 9006(b).[4] This approach will encompass the excusable neglect analysis under *Pioneer Investment* that the District Court directed we undertake. Rule 9006 provides, in pertinent part, as follows:

> *(b) Enlargement.*
>
> (1) *In General*. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
> . . .

---

[4]The parties agreed that Ash Trucking's Motion to Set Aside would be treated as a motion for reconsideration which is governed by Fed.R.Bankr.P. 3008. Rule 3008 provides:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Bankruptcy Rule 9023 provides that Fed.R.Civ.P. 59 "applies in cases under the Code, except as provided in Rule 3008." Rule 59 addresses motions for new trial or to alter or amend judgment, all of which must be filed within ten days of entry of a judgment. The Advisory Committee Notes to Rule 9023 states that "[n]o similar time limit is contained in Rule 3008 which governs reconsideration of claims." Because Rule 9006(b)(2) prohibits enlargement of time for taking action under, *inter alia*, Rule 9023, and because the order entered by the District Court directs us to consider excusable neglect, we must consider the Motion to Set Aside in the context of Rule 9006 and Rule 8002. Rule 9006(b)(2) prohibits enlargement of time for taking action under, *inter alia*, Rule 9023.

3

> (3) *Enlargement Limited.* The court may enlarge the
> time for taking action under Rules . . . 8002 . . ., only to the
> extent and under the conditions stated in those rules.

Bankruptcy Rule 8002(a) requires that a notice of appeal from an order of the bankruptcy court be filed within 10 days of the entry of the order.[5] Under Rule 8002(c)(2) a written motion requesting extension of the time to file a notice of appeal must be made within ten days of the order being appealed "except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Thus, the excusable neglect analysis must be undertaken pursuant to Rules 9006(b)(3) and 8002(c)(2).

Case law in this circuit consistently has held that the appeal deadline in bankruptcy cases is jurisdictional. *See In re Allegheny Health Educ. & Research Foundation,* 2006 WL 1440228 (3d Cir. May 25, 2006); *In re Smith*, 165 Fed. Appx. 961 (3d Cir. 2006); *In re Flanagan*, 999 F.2d 753 (3e Cir. 1993); *In re Colon*, 941 F.2d 242 (3d Cir. 1991); *In re Universal Minerals, Inc.*, 755 F.2d 309 (3d Cir. 1985). This court's Memorandum Opinion and Order were entered on November 2, 2005, docketed on November 4, 2005, and mailed that same day to Mr. Getty and Mr. Ezzell in accordance with internal procedures as discussed below. *See* Doc. No. 5034. The motion to set aside our Memorandum Opinion and Order was filed at Doc. No. 5077 on November 18, 2005. Accordingly, the Motion to Set Aside, treated as a motion to extend the time to appeal, is timely. If excusable neglect is shown, an extension of time to appeal could be granted. Having received and read the pleadings and briefs and

---

[5]If certain motions, such as a motion for reconsideration, to amend or make additional findings of fact, etc., are timely filed after the entry of the order, the time to appeal begins to run after the entry of the order disposing of such motion. Fed.R.Bankr.P. 8002(b).

having heard argument of counsel, we find that, although Mr. Getty arguably established neglect, it was not excusable neglect. Further, the reasons he offers to support his failure to timely appeal are insufficient under *Pioneer Investment*.

We first analyze the circumstances surrounding the failure to timely appeal, as suggested by *Pioneer Investment*. The Motion to Set Aside refers to the fact that Mr. Ezzell did not get notice. However, Mr. Ezzell apparently is no longer with Mr. Getty's firm, did not file the motion to set aside the Memorandum Opinion and Order and, to date, has not filed any documents, affidavits, or pleadings nor has he appeared in connection with the motion to set aside the Memorandum Opinion and Order. Moreover, the address on file for Mr. Ezzell (and Mr. Getty) in this proceeding and in the District Court, *see infra*, are the same as that stated in all Ash Trucking filings. Further, Mr. Getty has always been identified as counsel for Ash Trucking and was, and continues to be, served with all notices pertaining to his client. Mr. Getty referred to a change of address but, in all pleadings that he filed in this bankruptcy case (and in the District Court appeal) he lists the same address as that to which notices have been mailed with respect to Ash Trucking. Mr. Ezzell has never filed a change of address regarding this matter and Mr. Getty continues to file pleadings on behalf of Ash Trucking using the same address and clearly he, not Mr. Ezzell, is the attorney representing Ash Trucking.[6]

---

[6]*Pioneer Investment* also discusses whether the movant acted in good faith. Good faith does not appear to be an issue. However, we note disparities in what Mr. Getty has reported to the court and what the record reflects as the facts, to the extent they bear on good faith.

Mr. Getty stated that he filed a change of address in the District Court. Filing in District Court is ineffective with respect to Bankruptcy Court proceedings. Furthermore, the address in the so-called change of address filing is the same as that stated on the District and Bankruptcy Court dockets, on the notice of appeal, and on all pleadings. In addition, the

(continued...)

Assuming, without deciding, that, for purposes of this matter, Mr. Getty has standing to raise the alleged and unsubstantiated lack of notice to Mr. Ezzell,[7] we address the remaining issues.

There is a notation at the end of the November 2, 2005, Memorandum Opinion and of the accompanying Order that states that "[t]he Case Administrator will electronically send copies of the Memorandum Opinion and Order to the parties listed on the current service list in addition to those listed below." Those "listed below," i.e., those who received paper mailing directly from the court, as opposed to notice from the Case Administrator, include Mr. Getty and Mr. Ezzell at the same address which is the only address that has been on file in this court

---

[6](...continued)
document identified on the District Court docket as a change of address states the same mailing address as that used on all pleadings in both courts. That is, Mr. Getty has had the same address at all relevant times. Thus, it is unclear what the purpose of the filing of the change of address in the District Court was, but, nonetheless, there is no issue regarding his address. It never changed and Mr. Getty admitted that. *See* Affidavit at Doc. No. 6265.

Moreover, even if his address had changed, the law imposes on counsel an obligation to file changes of address. Accordingly, any delay that would be experienced due to a failure to file a change of address, if one existed, would have been both "foreseeable and easily preventable" and therefore inexcusable. *Taylor v. American Property Locators, Inc.,* 220 B.R. 854, n.1 (E.D. Pa. 1998). The court in *Taylor* relied on *Pioneer Investment* and found no excusable neglect based on counsel's failure to formally notify the court of a change of address. *Cf. In re A.H. Robins Co., Inc.*, 197 B.R. 491, 492 (E.D.Va. 1994)("the failure of actual notice is not determinative of the sufficiency of notice under due process, particularly where, as here, the failure of actual notice is due to the fault of the movant . . . [there is] no duty to search for claimants or counsel who choose to change addresses without sharing that information with . . . the Court").

[7]The docket reflects that copies of the Memorandum Opinion and Order were mailed to Mr. Getty and Mr. Ezzell. Mr. Getty's name was listed first on the "cc" list at the end of both the Opinion and the Order. *See* Doc. No. 5034. We also note that when mail is returned to the court as undeliverable for any reason, the fact of return of the mailing is docketed. There is no such docket entry on the record of this case.

since the inception of the litigation with respect to Ash Trucking. This procedure of mailing is followed by the Court with respect to all memorandum opinions.[8]

With respect to Mr. Getty's assertion that the failure to timely appeal should be excused because Mr. Ezzell left the firm, we reiterate, and it is apparent from pleadings filed here and in the appeal, that Mr. Getty himself continues to represent Ash Trucking with respect to its claim(s) against this Debtor. He files the pleadings and he has appeared, telephonically or otherwise, at hearings on this matter. We also note that the law firm with which Mr. Getty is associated changed its name[9] more than once during the course of the litigation over Ash Trucking's claim but the address did <u>not</u> change and in every name change Mr. Getty's name is listed first.[10] There were no facts stated in the motion which would

---

[8] The Memorandum Opinion and Order were issued on November 2, 2005, Doc. No. 5034, and docketed on November 4, 2005, at 8:38 a.m. Paper copies of opinions are mailed the day they are docketed to those listed under "cc" after the Judge's signature. Because this Memorandum Opinion and Order were docketed in the morning, they would have been placed in the U.S. mail before the close of business that day, in accordance with internal procedures.

[9] When Ash Trucking's counsel filed the response to Debtors' objection to claim and when the *pro hac vice* motions were filed the law firm's name was Getty & Mayo, LLP. *See* Doc. No. 2799, filed March 2, 2004. In the motion to set aside, filed on November 18, 2005, the firm is identified as Getty, Hargadon & Keller, PLLC. *See* Doc. No. 5077. Ash Trucking's Supplemental Brief, filed at Doc. No. 6264, indicates another name change to The Getty Law Group. Currently it appears from the electronic filing receipts associated with each docket entry under CM/ECF that Mr. Getty's firm is now named Getty & Childers, PLLC. The court has determined, through an internet search, that the address for Getty & Childers, PLCC, is the same as that for Getty & Mayo, Getty, Hargadon & Keller, and the Getty Law Group.

[10] In the Motion to Set Aside, Mr. Getty requested that he be served by e-mail as well as by U.S. mail. However, CM/ECF is configured to give electronic notice to those who have made the necessary arrangements through the Clerk's Office to become electronic filers. Until August 4, 2006, as indicated by electronic receipts associated with each docket entry, Mr. Getty was not a CM/ECF electronic filer so would not have received electronic notice. Mr. Getty and Mr. Ezzell, Kentucky attorneys, were both admitted *pro hac vice* with respect
(continued...)

justify granting the Motion to Set Aside under *Pioneer Investment* or any other standard of which this court is aware.

At the May 31, 2006, hearing we granted Mr. Getty the opportunity to supplement the record concerning excusable neglect and gave counsel for Debtor an opportunity to respond. Argument was held on September 21, 2006. Mr. Getty states in his supplemental pleading that his billing records "demonstrate that counsel first *saw* the Order [on the Memorandum Opinion] on November 16, 2005," two days after the appeal period expired. Supplemental Brief, Doc. No. 5254, at 4 (emphasis added). However, when Mr. Getty first laid eyes on the Memorandum Opinion and Order does not mean that the Memorandum Opinion and Order arrived at his address that day. The court also gave Mr. Getty an opportunity to supplement

---

[10](...continued)
to the Ash Trucking matter. The CM/ECF Procedures applicable in this court permit attorneys admitted *pro hac vice* to obtain CM/ECF logins and passwords when they represent a party in a case pending here. *See* ECF Procedure #2 ("Attorneys admitted to the bar of this Court (including those admitted pro hac vice), . . . may register as Filing Users of the Court's Electronic Filing System . . . ."). This was applicable at the time of this court's November 2005 Memorandum Opinion and Order and remains true today. *See* CM/ECF procedures under the Court Procedures Manual link, http://www.pawb.uscourts.gov/cmecf.htm, beginning at page 32.

Furthermore, electronic filing has been mandatory in this district since February 3, 2003, but Mr. Getty did not obtain certification as an electronic filer until August 4, 2006. He did so only after this court entered two orders sanctioning him for not filing electronically and a third order requiring him to immediately make arrangements to become an electronic filer. *See* Order of June 27, 2006, Doc. No. 6266; Order of July 6, 2006, Doc. No. 6318; Order of July 27, 2006, Doc. No. 6439, respectively. The order of July 27, 2006, was a written order confirming an oral order issued at a hearing on July 21, 2006.

We note that an attorney with an office in Philadelphia, Kenneth Aaron, sometimes files documents on behalf of Ash Trucking. At the time of the Memorandum Opinion he was not on the electronic notice list either. A copy of this Memorandum Opinion and Order is also being sent to Mr. Aaron by U.S. first class mail at the last address appearing for him in a pleading filed in connection with this matter.

8

the record with respect to his request but, although he filed additional pleadings, he alleged no new facts and proffered no evidence to establish excusable neglect. *See* Doc. No. 6264.[11]

Mr. Getty stated that he continually has trouble receiving his mail. He offers no evidence in support of this assertion and, even if true, that fact is insufficient to establish excusable neglect. Nothing has been proffered to show what, if any, steps Mr. Getty has taken to combat his allegedly unreliable mail delivery. One thing he could have done, but did not do, was to monitor the docket. It is counsel's responsibility to monitor the docket. *See, e.g., In re Barbel*, 212 Fed.Appx. 87, 89 (3d Cir. 2006); *In re Taylor*, 217 B.R. 465, 469 (Bankr.E.D.Pa. 1998). Furthermore, whether or not he experienced problems with the mail in his office, lack of notice of entry of an order "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed.R.Bankr.P. 9022(a).

Under the circumstances, Mr. Getty has not established excusable neglect and, therefore, his request will be denied. Mr. Getty's failure to "see" the Memorandum Opinion and Order until twelve days after it was issued is not the standard. That Mr. Ezell left the firm is not dispositive either. Mr. Getty is and always has been counsel for Ash Trucking in this matter and has been mailed notices at the same address throughout. Since August 4, 2006, he also has apparently been sent electronic notices. *See* note 10, *supra*.

---

[11]In his Supplemental Brief Mr. Getty also states that the attached as "Exhibit A" his time records which establish that he first "saw" the Memorandum Opinion and Order after the appeal deadline. *See* Doc. No. 6264. No exhibit was attached to the Supplemental Brief nor the accompanying affidavit filed at Doc. No. 6265. Furthermore, even if the mail had arrived late, as opposed to having been seen by Mr. Getty after the deadline, it is counsel's responsibility to monitor the docket. *See infra*.

Similarly, lack of appropriate or effective internal office procedures, while perhaps indicative of neglect, is not excusable neglect and in fact is evidence of the need to monitor the docket. His assertion that he continually has trouble receiving his mail is (1) unsubstantiated by any facts of record and (2) further highlights his obligation, and failure, to monitor the docket or to take other steps to inform himself of events in this case. These factors militate against a finding of excusable neglect. *See In re Philbert*, 340 B.R. 886, 890 (Bankr.N.D.Ind. 2006). "No rule of law is better settled than that a court of equity will not aid a part whose application is destitute of . . . reasonable diligence." *Hammond v. Hopkins*, 143 U.S. 224, 250 (1892).

A final factor articulated in *Pioneer Investment* is the danger of prejudice to the Debtor. Debtor's counsel explained during oral argument on September 21, 2006, a very real prejudice this delay in filing the appeal presents to this estate. After Ash Trucking's claim was disallowed, Debtor concluded its negotiations with the Trade Committee for a 90 percent distribution in order to achieve their consent to the plan. Shortly thereafter the plan of reorganization was filed. Ash Trucking's claim was at least $500,000 and possibly in the millions of dollars. As such, it was significant and would have had to have been accounted for in negotiations if it had been allowed. Counsel for Ash Trucking acknowledged at that hearing that allowance of its claim would have had an impact on the plan. Doc. No. 6725, Transcript of September 21, 2006, at 21-22, 24.

Based on the foregoing, we find that Mr. Getty has not established excusable neglect with respect to the failure to timely file a notice of appeal. Although we note that Mr. Getty is now receiving electronic notice through the CM/ECF system, we will mail him paper copies of

10

this Memorandum Opinion and Order to the address on file in this court under every version of firm name he has used since the claim objection process with respect to Ash Trucking began in this court.

An appropriate order will be entered.

DATE: September 21, 2007

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

jmd

cc: The Honorable Donetta W. Ambrose

Richard A. Getty, Esquire
Getty & Childers, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
The Getty Law Group, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
Hargadon & Keller, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
Getty & Mayo, LLP
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Kenneth E. Aaron, Esquire
Weir & Partners, LLP
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
Global Industrial Technologies, Inc., *et al.*    Bankruptcy No. 02-21626-JKF

    Debtor(s)    Chapter 11

**Related to Doc. Nos.**
**(1) 2484, Debtor's Objection to Claim of Ash Trucking Company,**
**(2) 5034, Memorandum Opinion and Order re Doc. No. 2484,**
**(3) 5077 Motion to Set Aside Memorandum Opinion and Order Dated November 2, 2005, filed by Ash Trucking Company,**
**(4) 5104, Order Denying Motion to Reconsider,**
**(5) 5922, Opinion and Order of the District Court, W.D. Pa., Civ. Action No. 06-79, Doc. No. 12**

## ORDER

**AND NOW**, this 21st day of September, 2007, for the reasons stated in the foregoing Memorandum Opinion, it is **ORDERED** that the motion at Doc. No. 5077 on November 18, 2005, to set aside this court's Memorandum Opinion and Order of November 2, 2005, at Doc. No. 5034, is **DENIED** inasmuch as movant failed to establish excusable neglect for failure to timely file an appeal from the November 2, 2005, Order.

It is **FURTHER ORDERED** that counsel for Debtor(s) shall immediately serve a copy of this Memorandum Opinion and Order on the all parties on the current Service List and any other parties in interest and shall file proof of service forthwith.

*/s/ Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

jmd

Dated: 9/21/2007
12:40:13

cc: The Honorable Donetta W. Ambrose

Richard A. Getty, Esquire
Getty & Childers, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
The Getty Law Group, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
Hargadon & Keller, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Richard A. Getty, Esquire
Getty & Mayo, LLP
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507

Kenneth E. Aaron, Esquire
Weir & Partners, LLP
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107