| | |
|---|---|
| In re:<br><br>NORTH AMERICAN<br>REFRACTORIES COMPANY, *et al.*,<br><br><br><br>Debtors. | Proceedings for a<br>Reorganization under Chapter 11<br><br>Case No. 02-20198<br><br>Jointly Administered<br><br>Related to Document No. 3889, 4846, and 5321 |
| In re:<br><br>GLOBAL INDUSTRIAL<br>TECHNOLOGIES, INC., *et al.*,<br><br><br><br>Debtors. | Proceedings for a<br>Reorganization under Chapter 11<br><br>Case No. 02-21626<br><br>Jointly Administered<br><br>Related to Document No. 5427, 6869, 6870, 6873, 6875, 7091, 7185, 7186, and 7188. |

**REVISED ORDER CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION FOR NORTH AMERICAN REFRACTORIES COMPANY, *ET AL.* DATED DECEMBER 28, 2005 AND THIRD AMENDED PLAN OF REORGANIZATION FOR GLOBAL INDUSTRIAL TECHNOLOGIES, INC., *ET AL.* DATED DECEMBER 28, 2005 AS SUPPLEMENTED AND RECOMMENDING THAT THE DISTRICT COURT ISSUE A FINAL CONFIRMATION ORDER AND ISSUE OR AFFIRM THE INJUNCTIONS**

**AND NOW**, this 13th day of November, 2007, for the reasons expressed in the foregoing Memorandum Opinion, together with our Findings of Fact and Conclusions of Law, the Bankruptcy Court hereby confirms:

    A.    The Third Amended Plan of Reorganization dated December 28, 2005 of North American Refractories Company, *et al.*, as amended, revised or supplemented by:

        1.    Modification to the Third Amended Plans of Reorganization Dated December 28, 2005 of North American Refractories Company and Its Subsidiaries and Global Industrial Technologies, Inc. and Its Subsidiaries filed June 21, 2006 at NARCO Doc. # 4454;

2. Proposed Directors, Trustees and Trust Advisory Committee Members filed June 21, 2006 at NARCO Doc. # 4455;

3. Notice of Proposed Initial Trustees filed May 17, 2007 at Doc. # 5145;
4. Supplement to North American Refractories Company, *et al*. Protected Parties filed October 1, 2007 at NARCO Doc. # 5420; and

5. October 25, 2007 Technical Amendments to Third Amended Plans of Reorganization Dated December 28, 2005 of North American Refractories Company and Its Subsidiaries and Global Industrial Technologies, Inc. and Its Subsidiaries filed October 25, 2007 at NARCO Doc. # 5451; and

B. The Third Amended Plan of Reorganization dated December 28, 2005 of Global Industrial Technologies, Inc., *et al*., as amended, modified, or supplemented by:

1. Modification to the Third Amended Plans of Reorganization Dated December 28, 2005 of North American Refractories Company and Its Subsidiaries and Global Industrial Technologies, Inc. and Its Subsidiaries filed June 21, 2006 at GIT Doc. # 6244;

2. Proposed Directors, Trustees and Trust Advisory Committee Members filed June 21, 2006 at GIT Doc. # 6245;

3. Amendment dated December 15, 2006 to Third Amended Plan of Reorganization Dated December 28, 2005 of Global Industrial Technologies, Inc. and its subsidiaries filed December 15, 2006 at GIT Doc. #6971;

4. Amendment to Third Amended Plan of Reorganization of Global Industrial Technologies, Inc. and Its Subsidiaries filed January 30, 2007 at GIT Doc. # 7091;

5. Supplement to Global Industrial Technologies, Inc., *et al*. Protected Parties filed October 1, 2007 at GIT Doc. # 7765; and

6. October 25, 2007 Technical Amendments to Third Amended Plans of Reorganization Dated December 28, 2005 of North American Refractories Company and Its Subsidiaries and Global Industrial Technologies, Inc. and Its Subsidiaries filed October 25, 2007 at GIT Doc. # 7819.

(collectively, "the Plans"). This Order of Court expressly supersedes the Court's prior Order dated September 24, 2007 recommending confirmation of the Plans.

The Court finds that the injunctions issued pursuant to the Plans are appropriate under §524(g) regarding asbestos personal injury claims and demands as defined in the Plans and under §105 and §1123(b)(6) regarding the Silica Trust claims and demands as defined in the GIT Plan and hereby issues such injunctions. The Court recommends that the United States District Court for the Western District of Pennsylvania enter a final order in the form of Exhibit 1 hereto confirming the Plans and issuing or affirming the injunctions pursuant to 11 U.S.C. §524(g)(3)(A), §105 and 28 U.S.C. §157(c)(1) ("Confirmation Order").  *See In re Combustion Engineering*, 295 B.R. 159, 488 (Bankr. D. Del. 2003), *rev'd on other grounds*, 391 F.3d 190 (3d Cir. 2004).

The following injunctions are hereby issued:

**Regarding the NARCO Plan**: "that to supplement the injunctive effect of the discharge injunction, THE FOLLOWING PERMANENT CHANNELING INJUNCTION IS ISSUED AND SHALL TAKE EFFECT AS OF THE EFFECTIVE DATE OF THE NARCO PLAN:

> **Terms**.  In order to preserve and promote the settlements contemplated by and provided for in the NARCO Plan and to supplement, where necessary, the injunctive effect of the discharge, both provided by Sections 1141 and 524 of the Bankruptcy Code and as described in Article 5 of the NARCO Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court under Section 524(g) of the Bankruptcy Code, all Entities which have held or asserted, which hold or assert, or which may in the future hold or assert any NARCO Asbestos Trust Claim or NARCO Asbestos Demand[1] against the NARCO Protected Parties[2], or any of them[3], whenever or wherever arising or

---

[1] The terms "NARCO Asbestos Trust Claim" and "NARCO Asbestos Demand" have the meaning given in Article 1 of the NARCO Plan.

[2] Any of the following parties with respect to NARCO Asbestos Trust Claims and NARCO Asbestos Demands only:
    (i)     Honeywell (only with respect to NARCO Asbestos Trust Claims and NARCO Asbestos Demands derived from the NARCO Product Line);
    (ii)    any Honeywell Affiliate (only with respect to NARCO Asbestos Trust Claims and NARCO Asbestos Demands derived from the NARCO Product Line);
    (iii)   NARCO;

Continued on following page

Continued from previous page

   (iv)  NARCO-Affiliated Debtors;

   (v)  the Reorganized Debtors under the NARCO Plan and the GIT Plan;

   (vi)  any Subsidiary of the Reorganized Debtors under the NARCO Plan and the GIT Plan, including without limitation Corrosion IP Corp., Corrosion Technology International Services Company, Corrosion Technology International, Inc., Corrosion Technology Chile S.A., Indresco Jeffrey Industria e Commercio Ltda., Construcciones Refractarias Resca S.A., Global-GIX Canada Inc., 1086215 Ontario Inc., Polymer Pipe Technology, Inc., Harbison-Walker Refractories Limited, Liptak Bradley Limited, CTI Europe N.V., CTI Pacific Chusik Hoesa, CTI Pacific Pty. Limited, GIX Pty. Ltd., PT Harbison-Walker, A.P. Green de Mexico S.A. de C.V., S.A., Zircoa, Inc., NAR Export Sales Ltd., and RHI America Receivables Corporation;

   (vii)  any Entity that has provided insurance to NARCO, any of the NARCO-Affiliated Debtors, the Reorganized Debtors, Honeywell, any Honeywell Affiliate for NARCO Asbestos Trust Claims or NARCO Asbestos Demands <u>and</u> that, by Agreement, is a contributor, directly or indirectly, of the proceeds from such insurance to the NARCO Asbestos Trust (but only with respect to the NARCO Asbestos Trust Claims and NARCO Asbestos Demands for which the insurance was provided);

   (viii)  any Entity that, pursuant to the NARCO Plan or after the Effective Date becomes a direct or indirect transferee of, or successor to any assets of NARCO, any of the NARCO-Affiliated Debtors, the Reorganized Debtors, or the NARCO Asbestos Trust (but only to the extent that liability for NARCO Asbestos Trust Claims or NARCO Asbestos Demands is asserted to exist by reason of it becoming such a transferee or successor);

   (ix)  any Entity that, pursuant to the NARCO Plan or after the Effective Date, makes a loan to any of the Reorganized Debtors or the NARCO Asbestos Trust or to a successor to, or transferee of, any assets of NARCO, any of the NARCO-Affiliated Debtors, the Reorganized Debtors, or the NARCO Asbestos Trust (but only to the extent that liability for NARCO Asbestos Trust Claims or NARCO Asbestos Demands is asserted to exist by reason of such Entity becoming such a lender or to the extent any pledge of assets made in connection with such a loan is sought to be avoided or impaired, based upon the assertion of a NARCO Asbestos Trust Claim or NARCO Asbestos Demand); or

   (x)  any present or former officer, director or employee of NARCO, any of the NARCO-Affiliated Debtors, or the Reorganized Debtors to the extent he or she is alleged to be directly or indirectly liable for NARCO Asbestos Trust Claims or NARCO Asbestos Demands based on the conduct of NARCO, the NARCO-Affiliated Debtors, Honeywell, any Honeywell Affiliate or the Reorganized Debtors or by reason of his or her service as a present or former officer, director or employee of NARCO, any of the NARCO-Affiliated Debtors, or the Reorganized Debtors;

   (xi)  the RHI AG Entities;

   (xii)  the APG Asbestos Trust and APG Silica Trust;

   (xiii)  Brickyard Development Partners LP, Empresa de Refractorios Colombianos, S.A., and Materiales Industriales, S.A.

   As of October 25, 2007, the NARCO Protected Parties include, but are not limited to, the parties listed on Exhibit C to the Definitions which are attached as Exhibit 1 to the Disclosure Statement as supplemented by the Notice of Supplement to North American Refractories Company, et al., Protected Parties filed at NARCO docket no. 5420. The Debtors reserved the right to amend or supplement Exhibit C to the Definitions until the Confirmation Date pursuant to the provisions of the Bankruptcy Code on appropriate notice, and thereafter amendments or supplements may be made by an order of a court of appropriate jurisdiction on appropriate notice.

asserted, shall, except to the extent otherwise provided in Section 2.3(d) of the NARCO Asbestos Trust Agreement in respect of Honeywell and the Honeywell Affiliates, be permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim or Demand, including but not limited to:

> A. commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Demand, against any of the NARCO Protected Parties, or against the property of any NARCO Protected Party with respect to any such Claim or Demand;

---

Continued from previous page

3 A NARCO Protected Party will receive the protections of the NARCO Channeling Injunction only to the extent permitted by Section 524(g), including 524(g)(4)(A)(ii), which states as follows:

> (ii) Notwithstanding the provisions of section 524(e), such an injunction may bar any action directed against a third party who is identifiable from the terms of such injunction (by name or as part of an identifiable group) and is alleged to be directly or indirectly liable for the conduct of, claims against, or demands on the debtor to the extent such alleged liability of such third party arises by reason of –
>> (I) the third party's ownership of a financial interest in the debtor, a past or present affiliate of the debtor, or a predecessor in interest of the debtor;
>> (II) the third party's involvement in the management of the debtor or a predecessor in interest of the debtor, or service as an officer, director or employee of the debtor or a related party;
>> (III) the third party's provisions of insurance to the debtor or a related party; or
>> (IV) the third party's involvement in a transaction changing the corporate structure, or in a loan or other financial transaction affecting the financial condition, of the debtor or a related party, including but not limited to –
>>> (aa) involvement in providing financing (debt or equity), or advice to an entity involved in such a transaction; or
>>> (bb) acquiring or selling a financial interest in an entity as part of such a transaction.
> (iii) As used in the subparagraph, the term "related party" means –
>> (I) a past or present affiliate of the debtor;
>> (II) a predecessor in interest of the debtor; or
>> (III) any entity that owned a financial interest in –
>>> (aa) the debtor;
>>> (bb) a past or present affiliate of the debtor; or
>>> (cc) a predecessor in interest of the debtor.

B. enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the NARCO Protected Parties or against the property of any NARCO Protected Party with respect to any such Claim or Demand;

C. creating, perfecting or enforcing any Lien of any kind against any NARCO Protected Party or the property of any NARCO Protected Party with respect to any such Claim;

D. asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due any NARCO Protected Party or against the property of any NARCO Protected Party with respect to any such Claim or Demand; and

E. taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents[4], with respect to such Claim or Demand.

**Reservations**. Notwithstanding anything to the contrary above, the NARCO Channeling Injunction shall not enjoin:

A. the rights of Entities to the treatment accorded them under Article 3 of the NARCO Plan, including the right of Entities with NARCO Asbestos Trust Claims and NARCO Asbestos Demands to assert such Claims or Demands in accordance with the NARCO Asbestos TDP solely against the NARCO Asbestos Trust whether or not there are funds to pay such Claims or Demands;

---

[4] The term "Plan Documents" has the meaning given in Article 1 of the NARCO Plan.

B. the rights of Entities to assert any claim, debt, litigation, or liability for payment of Trust Expenses solely against the NARCO Asbestos Trust; and

C. the NARCO Asbestos Trust from enforcing its rights under the NARCO Asbestos Trust Agreement.

**Modification**. Except as otherwise set forth in Section 2.3(d) of the NARCO Asbestos Trust Agreement, there can be no modification, dissolution or termination of the NARCO Channeling Injunction, which shall be a permanent injunction.

**Non-Limitation**. Except as otherwise set forth in Section 2.3(d) of the NARCO Asbestos Trust Agreement, nothing in the NARCO Plan shall be construed in any way to limit the scope, enforceability, or effectiveness of the NARCO Asbestos Channeling Injunction issued in connection with the NARCO Plan of the NARCO Asbestos Trust's assumption of all liability with respect to NARCO Asbestos Trust Claims and NARCO Asbestos Demands.

**Bankruptcy Rule 3016 Compliance**. The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the NARCO Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

**Regarding the GIT Plan**: "that to supplement the injunctive effect of the discharge injunction, THE FOLLOWING PERMANENT CHANNELING INJUNCTION IS ISSUED AND SHALL TAKE EFFECT AS OF THE EFFECTIVE DATE OF THE GIT PLAN:

**Terms**. In order to preserve and promote the settlements contemplated by and provided for in the GIT Plan and to supplement, where necessary, the injunctive effect of the discharge, both provided by Sections 1141 and 524 of the Bankruptcy Code and as described in Article 5 of the GIT Plan, and pursuant to the exercise of the equitable jurisdiction and power of the Bankruptcy Court under Sections 524(g) (for APG Asbestos Trust Claims or Demands) or 105(a) (for APG Silica Trust Claims or Demands) of the

Bankruptcy Code (or both), all Entities which have held or asserted, which hold or assert, or which may in the future hold or assert any APG Asbestos Trust Claim, APG Asbestos Demand, APG Silica Trust Claim or APG Silica Demand[5] against GIT Protected Parties[6], or any of them, whenever and wherever arising or asserted, shall be

---

[5] The terms "APG Asbestos Trust Claim," "APG Asbestos Demand," "APG Silica Trust Claim," or "APG Silica Demand" have the meaning given in Article 1 of the GIT Plan.

[6] Any of the following parties:

    (i)    GIT (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands);

    (ii)    GIT-Affiliated Debtors (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands);

    (iii)    the Reorganized Debtors under the NARCO Plan and the GIT Plan (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands);

    (iv)    any Subsidiary of the Reorganized Debtors under the NARCO Plan and the GIT Plan, including without limitation Corrosion IP Corp., Corrosion Technology International Services Company, Corrosion Technology International, Inc., Corrosion Technology Chile S.A., Indresco Jeffrey Industria e Commercio Ltda., Construcciones Refractarias Resca S.A., Global-GIX Canada Inc., 1086215 Ontario Inc., Polymer Pipe Technology, Inc., Harbison-Walker Refractories Limited, Liptak Bradley Limited, CTI Europe N.V., CTI Pacific Chusik Hoesa, CTI Pacific Pty. Limited, GIX Pty. Ltd., PT Harbison-Walker, A.P. Green de Mexico S.A. de C.V., S.A., Zircoa, Inc., NAR Export Sales Ltd., and RHI America Receivables Corporation (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands);

    (v)    Bigelow-Liptak Corporation (with respect solely to APG Asbestos Trust Claims and APG Asbestos Demands arising out of, resulting from, or attributable to asbestos-containing products manufactured, installed, fabricated, sold, supplied, produced, designed, distributed or in any way at any time marketed or disposed of by an APG Debtor under the "Bigelow-Liptak" name or any form thereof prior to February 1, 1989);

    (vi)    the Stebbins Engineering And Manufacturing Company (with respect solely to APG Asbestos Trust Claims and APG Asbestos Demands arising out of, resulting from, or attributable to asbestos-containing products manufactured, installed, fabricated, sold, supplied, produced, designed, distributed or in any way at any time marketed or disposed of by an APG Debtor under the "Bigelow-Liptak" name or any form thereof prior to February 1, 1989);

    (vii)    the RHI AG Entities (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands);

    (viii)    any Entity, including, but not limited to, the APG Services Settled Insurers, that has provided insurance to GIT, any of the GIT-Affiliated Debtors, the Reorganized Debtors for APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims or APG Silica Demands **and** that, by agreement, is a contributor, directly or indirectly, of the proceeds from such insurance to the APG Asbestos Trust of the APG Silica Trust (but only with respect to the APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims and APG Silica Demands for which the insurance was provided);

    (ix)    any Entity that, pursuant to the GIT Plan or after the Effective Date becomes a direct or indirect transferee of, or successor to any assets of GIT, any of the GIT-Affiliated Debtors, the Reorganized Debtors, the APG Asbestos Trust or the APG Silica Trust (but only to the extent that liability for APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica

Continued on following page

permanently stayed, restrained and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim or Demand, including, but not limited to:

 A. commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Demand, against any of the GIT

---

Continued from previous page
Trust Claims or APG Silica Demands is asserted to exist by reason of becoming such a transferee or successor);
 (x) any Entity that, pursuant to the GIT Plan or after the Effective Date, makes a loan to any of the Reorganized Debtors, the APG Asbestos Trust, the APG Silica Trust or to a successor to, or transferee of, any assets of GIT, any of the GIT-Affiliated Debtors, the Reorganized Debtors, the APG Asbestos Trust, or the APG Silica Trust (but only to the extent that liability for APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims or APG Silica Demands is asserted to exist by reason of such Entity becoming such a lender or to the extent any pledge or assets made in connection with such a loan is sought to be avoided or impaired, based upon the assertion of an APG Asbestos Trust Claim, APG Asbestos Demand, APG Silica Trust Claim or APG Silica Demand);
 (xi) any present or former officer, director or employee of GIT, any of the GIT-Affiliated Debtors, or the Reorganized Debtors to the extent he or she is alleged to be directly or indirectly liable for APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims or APG Silica Demands based on the conduct of GIT, the GIT-Affiliated Debtors, or the Reorganized Debtors or by reason of his or her service as a present or former officer, director or employee of GIT, any of the GIT-Affiliated Debtors, or the Reorganized Debtors;
 (xii) the NARCO Asbestos Trust (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims or APG Silica Demands), the APG Asbestos Trust (with respect to APG Silica Trust Claims and APG Silica Demands) and the APG Silica Trust (with respect to APG Asbestos Trust Claims and APG Asbestos Demands);
 (xiii) Brickyard Development Partners LP, Empresa de Refractorios Colombianos, S.A., and Materiales Industriales, S.A. (with respect to APG Asbestos Trust Claims, APG Asbestos Demands, APG Silica Trust Claims or APG Silica Demands).
 (xiv) As of October 25, 2007, the GIT Protected Parties include, but are not limited to, the parties listed on Exhibit A to the Definitions which are attached as Exhibit 1 to the Disclosure Statement as supplemented by the Notice of Supplement to Global Industrial Technologies, Inc., et al., Protected Parties filed at GIT docket no. 7765. The Debtors reserved the right to amend or supplement Exhibit A to the Definitions until the Confirmation Date pursuant to the provisions of the Bankruptcy Code on appropriate notice, and thereafter amendments or supplements may be made by an order of a court of appropriate jurisdiction on appropriate notice.

 Notwithstanding the foregoing, for avoidance of doubt, the term GIT Protected Party shall not include U.S. Gypsum Corporation or any of its Subsidiaries or Affiliates as of the Effective Date of the GIT Plan.

Protected Parties, or against the property of any GIT Protected Party with respect to any such Claim or Demand;

B. enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the GIT Protected Parties or against the property of any GIT Protected Party with respect to any such Claim or Demand;

C. creating, perfecting or enforcing any Lien of any kind against any GIT Protected Party or the property of any GIT Protected Party with respect to any such Claim or Demand;

D. asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due any GIT Protected Party or against the property of any GIT Protected Party with respect to any such Claim or Demand; and

E. taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents[7], with respect to such Claim or Demand.

**Reservations**. Notwithstanding anything to the contrary above, the GIT Channeling Injunction[8] shall not enjoin:

A. the rights of Entities to the treatment accorded them under Article 3 of the GIT Plan, including the right of Entities with APG Asbestos Trust Claims and APG Asbestos Demands to assert such Claims or Demands in accordance with the

---

[7] The terms "Plan Documents" has the meaning given in Article 1 of the GIT Plan.
[8] The term "GIT Channeling Injunction" has the meaning given in Article 1 of the GIT Plan.

APG Asbestos TDP solely against the APG Asbestos Trust whether or not there are funds to pay such Claims or Demands, and the right of Entities with APG Silica Trust Claims and APG Silica Demands to assert such Claims or Demands in accordance with the APG Silica TDP solely against the APG Silica Trust whether or not there are funds to pay such Claims or Demands, as applicable;

B. the rights of Entities to assert any claim, debt, litigation, or liability for payment of Trust Expenses solely against the APG Asbestos Trust or the APG Silica Trust, as applicable; and

C. the APG Asbestos Trust or the APG Silica Trust from enforcing their respective rights under the APG Asbestos Trust Agreement and APG Silica Trust Agreement.

**Modifications**. There can be no modification, dissolution or termination of the GIT Channeling Injunction, which shall be a permanent injunction.

**Non-Limitation-APG Asbestos Channeling Injunction**. Nothing in the GIT Plan or in the APG Asbestos Trust Agreement shall be construed in any way to limit the scope, enforceability, or effectiveness of the APG Asbestos Channeling Injunction issued in connection with the GIT Plan or the APG Asbestos Trust's assumption of all liability with respect to APG Asbestos Trust Claims and APG Asbestos Demands.

**Non-Limitation-APG Silica Channeling Injunction.** Nothing in the GIT Plan or in the APG Silica Trust Agreement shall be construed in any way to limit the scope, enforeceability, or effectiveness of the APG Silica Channeling Injunction issued in connection with the GIT Plan or the APG Silica Trust's assumption of all liability with respect to APG Silica Trust Claims and APG Silica Demands.

**Bankruptcy Rule 3016 Compliance**.  The Debtors' compliance with the requirements of Bankruptcy Rule 3016 shall not constitute an admission that the GIT Plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

**Environmental Protection Regulations**.  Notwithstanding anything in the GIT Plan to the contrary, nothing in the GIT Plan modifies, alters or absolves the Debtors, Reorganized Debtors or their respective successors or assigns from their obligations to comply with statutes and regulations relating to environmental protection."

It is further **ORDERED** that the terms of (a) the settlement agreements between the APG Debtors and the APG Services Settled Insurers, (b) the settlement agreement between the APG Debtors, GIT and Travelers (as defined therein), and (c) the Bankruptcy Court Orders approving each of the foregoing settlements, are binding upon and inure to the benefit of the APG Asbestos Trust, the APG Silica Trust, and the Trustee (as defined in Article 1 of the GIT Plan, excluding the trustee of the NARCO Asbestos Trust). GIT, the APG Debtors, the Reorganized Debtors, the Trustee, the Official Committee of Asbestos Claimants, the Official Committee of Unsecured Trade Creditors, the Legal Representative of Future APG Asbestos Claimants and/or the Representative of Future APG Silica Claimants may not seek to terminate, reduce or limit the scope of the GIT Channeling Injunction or any other injunction with respect to the APG Services Settled Insurers or Travelers.

It is further **ORDERED** that the indemnification agreement between Reorganized A.P. Green, as defined therein, Harbison-Walker Refractories, Ltd. and P.T. Harbison-Walker, as indemnitors, and Great American Insurance Company and American National Fire Insurance Company, as indemnitees, (the "Indemnification Agreement") filed as Exhibit C to the Expedited Motion for Approval of Indemnification Agreement Between Debtors A.P. Green Industries, Inc., A.P. Green Services, Inc. and Great American Insurance Company and American National Fire Insurance Company filed at GIT docket no. 7804, is hereby approved in all respects.  The

Indemnification Agreement and the obligations therein shall be binding upon Reorganized A.P. Green; Reorganized A.P. Green shall promptly execute the Indemnification Agreement following the Effective Date of the GIT Plan; and Reorganized A.P. Green is authorized to perform its obligations under the Indemnification Agreement.

Counsel for Debtor shall immediately serve a copy of this Order of Court on all parties on the current Service List and any other parties in interest and shall file proof of service forthwith.

_____
Judith K. Fitzgerald
United States Bankruptcy Court

cjs